CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/14/2017
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CHRISTOPHER MOYER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 6:16cv39 |
| | ) |
| NANCY A. BERRYHILL[1], | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Christopher Moyer ("Moyer"), proceeding *pro se*, filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding him not disabled and therefore ineligible for supplemental security income ("SSI") and child's insurance benefits ("CIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 1381–1383f, 20 C.F.R. § 404.350. Moyer complains that his attorney improperly amended his alleged onset date to a date which disqualified him for CIB, and he also argues that his subsequent approval for SSI shows that the Administrative Law Judge's ("ALJ") decision denying benefits was not supported by substantial evidence. However, I conclude that substantial evidence supports the Commissioner's decision in all respects. Accordingly, I **RECOMMEND DENYING** Moyer's

---

[1] Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, I substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this suit.

Motion for Summary Judgment (Dkt. No. 12) and **GRANTING** the Commissioner's Motion for Summary Judgment (Dkt. No. 13). [2]

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Moyer failed to demonstrate that he was disabled under the Act.[3] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Moyer filed for CIB and SSI on August 30, 2012, claiming that his disability began on January 1, 1997, due to rheumatoid arthritis, psychological problems, and fear "of society and people." R. 179, 181, 200. CIB is limited to claimants that are 18 years old or older and have a disability within the meaning of the Social Security Act that began before attaining age 22. 20 C.F.R. § 404.350(a)(5). At the hearing, Moyer amended his alleged onset date to March 7, 2012, which is after he attained age 22. R. 11, 35. Thus, by amending his alleged onset date to March

---

[2] As a pro se litigant, Moyer is entitled to a liberal construction of his pleadings, thus I will construe his submission as a motion for summary judgment. See Miller v. Barnhart, 64 F. App'x 858, 859 (4th Cir. 2003).

[3] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

7, 2012, Moyer became ineligible for child's insurance benefits.[4] 20 C.F.R. 404.350(a)(5); R. 11. The state agency denied Moyer's applications at the initial and reconsideration levels of administrative review. R. 68–74, 75–82, 84–94. On January 27, 2015, ALJ Brian P. Kilbane held a hearing to consider Moyer's claims for CIB and SSI. R. 31–65. Moyer was represented by counsel at the hearing; however, he is currently acting pro se. The hearing included testimony from vocational expert Robert Jackson.

On February 6, 2015, the ALJ entered his decision analyzing Moyer's claims under the familiar five-step process[5] and denying his claim for benefits for both CIB and SSI. R. 11–25. In determining CIB benefits, the ALJ follows the same five-step sequential analysis as for adult disability claims. Hamiter v. Colvin, No. 214CV03464RBHMGB, 2016 WL 536626, at *3 (D.S.C. Jan. 20, 2016), report and recommendation adopted, No. 2:14-CV-03464-RBH, 2016 WL 524255 (D.S.C. Feb. 10, 2016). The ALJ found that Moyer suffered from the severe impairments of rheumatoid arthritis and obesity.[6] R. 13. The ALJ determined that these impairments, either individually or in combination did not meet or medically equal a listed impairment. R. 15. The ALJ concluded that Moyer retained the residual functional capacity ("RFC") to perform a limited range of light work. R. 15. Specifically, the ALJ found that Moyer can only occasionally balance, crawl, and climb stairs, and ramps, must never climb ladders,

---

[4] Moyer's date of birth is January 22, 1976. R. 196. Thus, on March 7, 2012, Moyer was 36 years old. On his original onset date of January 1, 1997, Moyer was 20 years old.

[5] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R.§ 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

[6] The ALJ found that Moyer's anxiety and personality disorder were non-severe. R. 14.

3

ropes, and scaffolds, and must avoid concentrated exposure to cold, heat, vibrations, and hazards. Id.

Moyer had no past relevant work, but the ALJ determined that he could perform jobs that exist in significant numbers in the national economy, such as small parts assembler, inspector, and machine operator. R. 24–25. Moyer appealed the ALJ's decision and the Appeals Council denied his request for review on May 20, 2016. R. 1–3.

## **ANALYSIS**

Moyer argues: (1) that his attorney improperly amended his alleged onset date at the hearing before the ALJ and; (2) that his subsequent approval for SSI shows that the ALJ's decision was not supported by substantial evidence. Moyer presents only procedural arguments; thus, a comprehensive review of his medical history is not necessary here. The ALJ's opinion discusses the medical evidence in detail.

The record shows that Moyer completed two years of college, earned an associate's degree in computer science, but never held a job. Moyer explained that he has never worked because of a fear of society and an ever-increasing problem with joint pain due to arthritis. Generally, Moyer has complained of joint pain to his doctors, had treatment for arthritis, and was prescribed Meloxicam. R. 289–90, 295, 345–47. His medical records also show diagnoses for generalized anxiety disorder and dependent personality disorder. R. 308–14. In an assessment in April 2012, Moyer was described as having severe anxiety, experiencing a great deal of fear, and being extremely dependent on his parents. R. 315. Moyer did show increased independence during a period in which Moyer's mother was recovering from surgery and he was required to help care for her. R. 377–78.

At the hearing, Moyer testified that he has never worked due to a "fear of society," and stated he cannot be away from his parents because he becomes nervous and has a panic attack. R. 38–39. However, Moyer refuses to take medications to address these issues. R. 57. Moyer testified that his arthritis prevents him from doing some things due to pain, but that he can care for his personal needs, take care of his dog, and do some housekeeping, cooking, and shopping with his parents. R.44–48. Moyer's mother also testified, stating that Moyer has anxiety attacks at night and gets frightened if they are separated while shopping. R. 50–51. Paul Langley, Moyer's therapist and case manager testified that Moyer's dependent personality disorder, anxiety, and depression affect him severely, and that fear and panic would make it impossible for him to find or maintain employment.[7] R. 53–55.

**A. Amended Onset Date**

Moyer complains that his attorney improperly amended his alleged onset date from January 1, 1997 to March 7, 2012, arguing that he was "mentally disabled well before age 22." Pl.'s Br. at 1, Dkt. 12. In response, the Commissioner points out that Moyer did not object to the amended onset date at his hearing, and argues that any claim that Moyer was disabled prior to May 13, 2010 is barred by res judicata because his previous application for disability benefits was denied administratively on May 13, 2010, and he did not appeal. The Commissioner also emphasizes that the ALJ found that Moyer was not disabled from the original onset date of January 1, 1997 through the date of the decision.

---

[7] The ALJ explained in his opinion that he gave Mr. Langley's opinion little weight, noting that Mr. Langley is not an acceptable medical source, and that his opinion is inconsistent with treatment notes indicating that Moyer completed the majority of an SSA questionnaire by himself and had increased independence during a period when his mother was unable to care for him. R. 23.

5

The transcript of the administrative hearing reflects that Moyer, through his attorney, requested the amendment of his disability onset date to March 7, 2012. The following exchange occurred:

> Counsel: We respectfully request to amend the claimant's onset date. Previously his alleged onset date was January 1, 1997. We're requesting to amend the onset date to . . . March 7, 2012.
>
> ALJ: Okay.

R. 35. While Moyer did not explicitly confirm his agreement to the amendment on the record, he also did not express any objection or confusion. Moyer testified at the hearing and certainly had the opportunity to object to the amendment. Moyer presents no evidence that he was coerced by counsel or the ALJ into amending his onset date, nor is there such evidence in the transcript, and I find that, by failing to object at the hearing, Moyer assented to the change. See Martin v. Colvin, No. CIV.A. 1:13-11779, 2014 WL 4112053, at *3 (S.D.W. Va. Aug. 20, 2014) (finding that "claimant's nonverbal assent at the hearing constituted his knowing and voluntary agreement to [his attorney's] requested modification of his disability onset date"). Accordingly, remand is not warranted on these grounds.

Nevertheless, Moyer is proceeding here on a *pro se* basis and he may not have known the legal impact that amending his onset date could have on his claim for CIB. Moyer was born in 1976. Eligibility for CIB would require a showing that Moyer had a disability before his 22nd birthday in 1998. The record does not contain any evidence of a basis for disability prior to 2012. Furthermore, Moyer's previous disability application claimed a disability onset date in 1997, and resulted in a finding of no disability. In sum, Moyer presented no basis for the ALJ to consider a disability onset date back to his 22nd birthday. I find no error in the ALJ accepting the amended onset date of March 7, 2012.

6

### B. Subsequent Award of SSI Benefits

Moyer states that he was awarded SSI benefits in November 2016 and argues that because he was subsequently approved for SSI benefits, he should also "be granted [his] disability claim." Pl.'s Br. at 1, Dkt. No. 12. However, Moyer's submission of his subsequent award of SSI benefits is not a basis for remand. In Baker v. Comm'r of Soc. Sec., the Fourth Circuit rejected the plaintiff's claim that she was entitled to remand based on a subsequent administrative decision awarding benefits. 520 F. App'x 228, 229 (4th Cir. 2013). The court noted that, "[A] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." Id. (quotations omitted). Here, Moyer presents no medical evidence in support of his argument, but merely his notice of award of SSI, thus, Moyer has not shown that the evidence relied on in the subsequent decision pertains to the period under consideration in this appeal. Accordingly, remand is not appropriate on these grounds.

The ALJ carefully considered the evidence of record, and analyzed the evidence under the five-step process as required by the applicable law and regulations. I find that substantial evidence supports the ALJ's finding of no disability.

### **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** Moyer's Motion for Summary Judgment be **DENIED** and the Commissioner's Motion for Summary Judgment be **GRANTED** and this case be **DISMISSED** from the court's docket.

The Clerk is directed to transmit the record in this case Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to

this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including the waiver of the right to appeal.

Entered: August 14, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge